IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Phillip Jackson, #083239, | Civil Action No. 6:09-419-RBH-WMC |
| Petitioner, | **REPORT OF MAGISTRATE JUDGE** |
| vs. | |
| Warden, Lieber Correctional Institution, | |
| Respondent. | |

The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

## BACKGROUND OF THE CASE

The record reveals that the petitioner is currently confined at the Lieber Correctional Institution in the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Court for Richland County. The petitioner was indicted by the Richland County Grand Jury during the July 2003 term of the Richland County Court of General Sessions for one count of murder (2003-GS-30-06607). He was represented by Deputy Public Defender Samuel Mokeba and Public Defender Lee Coggiola, both of the Richland County Public Defender's Office. The State was represented by David Pascoe and Brian Jeffries, Assistant Solicitors for the Fifth Judicial Circuit. On August 11-12, 2003,

the petitioner was tried by jury and found guilty of murder. Pursuant to the notice filed before trial, the Honorable G. Thomas Cooper, Jr., Circuit Court Judge, sentenced the petitioner to life without parole.

*Facts of the Case*

The petitioner lived at a boarding house in Columbia, South Carolina (App. 142-43). One evening, one of the other men living in the house gave the petitioner $5 to go to a convenience store to purchase some beer (App. 144). The petitioner went to the store (App. 144; see App. 103, 105). When he returned, he did not have any beer or any money (App. 145). The victim, also a resident of the boarding house, was concerned about the fact that the petitioner returned with neither the money nor the beer (App. 145-46). The victim and the petitioner walked back to the convenience store (App. 146). The victim asked the clerk at the convenience store if the petitioner had been in the store (App. 103, 105). The clerk said yes (App. 103, 105). Shortly thereafter, the petitioner and the victim engaged in a fight outside the store (App. 106-07, 122-23). The petitioner stabbed the victim several times during the course of the fight (App. 124-25; 179-80). The victim died as a result of multiple stab wounds, including a stab wound to the heart (App. 89).

*Direct Appeal*

The petitioner timely filed a notice of appeal on August 14, 2003. On appeal, the petitioner was represented by Joseph L. Savitz, III, Acting Chief Attorney for the South Carolina Office of Appellate Defense. The petitioner's appeal was perfected with the filing of a final *Anders* brief of appellant. In the *Anders* brief, counsel argued the judge erred by failing to instruct the jury on the lesser-included offense of voluntary manslaughter. The petitioner also filed a *pro se* brief of appellant. In the *pro se* brief, the petitioner asserted

2

the trial court lacked subject matter jurisdiction because the indictment failed to allege the essential elements of murder as required by S.C. Code § 17-19-30 (1985).

In an unpublished opinion filed October 20, 2004, the South Carolina Court of Appeals dismissed the petitioner's direct appeal. The court noted that pursuant to *Anders v. California*, 386 U.S. 738 (1967), counsel for the petitioner had attached to the final brief a petition to be relieved as counsel, stating he had reviewed the record and concluded the petitioner's appeal was without legal merit sufficient to warrant a new trial. The court also noted that the petitioner filed a separate response. After a thorough review of the record and the *pro se* response pursuant to *Anders* and *State v. Williams*, 305 S.C. 116, 406 S.E.2d 357 (1991), the Court of Appeals dismissed the appeal and granted counsel's petition to be relieved.

On November 18, 2004, the petitioner filed a *pro se* petition for writ of certiorari with the South Carolina Supreme Court. In this petition, the petitioner asserted that the South Carolina Court of Appeals erred in dismissing his direct appeal and granting counsel's request to be relieved of the case. In support of this argument, the petitioner reasserted his subject matter jurisdiction claim. In an order dated November 22, 2004, the South Carolina Supreme Court dismissed the petitioner's petition for writ of certiorari. The South Carolina Supreme Court noted that under Rule 226(a), SCACR, the South Carolina Supreme Court would review only final decisions of the Court of Appeals, and a decision is not final for the purposes of review until a petition for rehearing has been acted on by the Court of Appeals. Rule 226(c), SCACR. Since no petition for rehearing had been ruled on by the Court of Appeals in the petitioner's matter, the petition for a writ of certiorari was dismissed. The remittitur was sent on November 22, 2004.

On December 2, 2004, the petitioner filed a motion to recall remittitur, a motion for leave to file petition for rehearing out of time, and a petition for rehearing. In an

order filed January 20, 2005, the South Carolina Court of Appeals denied the two motions and the petition.

On February 10, 2005, the petitioner filed a second *pro se* petition for writ of certiorari with the South Carolina Supreme Court. In this petition, the petitioner asserted that the South Carolina Court of Appeals erred in dismissing his direct appeal and granting counsel's request to be relieved of the case. In support of this argument, the petitioner reasserted his subject matter jurisdiction claim. In an order dated March 16, 2005, the South Carolina Supreme Court denied the petitioner's petition for writ of certiorari. The South Carolina Supreme Court noted that because petitioner failed to timely file a petition for rehearing upon which the Court of Appeals could act, there had been no final decision of the Court of Appeals as required by Rule 226, SCACR. Moreover, because the petitioner failed to file a timely petition for rehearing, the remittitur was properly sent to the lower court. As a result, the South Carolina Supreme Court did not have jurisdiction to entertain the petition for a writ of certiorari. *See Thomas v. Lynch*, 68 S.C. 8 17, 87 S.E. 44 (19l0) (when the remittitur has been properly sent to the court below, the appellate court loses jurisdiction, and thereafter neither the court nor any justice thereof can make any order in the case). Accordingly, the petition for a writ of certiorari was thereby dismissed.

*PCR Action*

The petitioner filed an application for post-conviction relief (PCR) on April 5, 2005 (2005-CP-40-1520), alleging ineffective assistance of counsel and the trial court lacked subject matter jurisdiction (App. 321-332). Specifically, the petitioner alleged counsel was ineffective for not requesting the court to charge the jury on the lesser included offense of voluntary manslaughter (App. 328-330). Further, the petitioner asserted the trial court lacked subject matter jurisdiction because the indictment was insufficient (App. 330-332).

4

The respondent filed its return on October 19, 2005 (App. 333-338). On October 11, 2007, an evidentiary hearing in this matter was held before the Honorable James E. Lockemy, Circuit Court Judge (App. 49-93). The petitioner was present and was represented by attorney Paul Archer. Assistant Attorney General Christina J. Catoe represented the respondent. By order filed December 12, 2007, the petitioner's PCR application was denied and dismissed with prejudice (App. 94-102).

At the hearing, the petitioner testified that his trial counsel was ineffective for failure to request a voluntary manslaughter charge (App. 375). Ms. Coggiola testified that it was trial strategy not to request a voluntary manslaughter charge since the petitioner had been served notice of intent to pursue life without parole from the Solicitor's office (App. 375-76). She further stated that had the petitioner been found guilty of voluntary manslaughter, he still would have received life since voluntary manslaughter is considered a serious offense and he had two other serious offenses on his record (App. 376). Mr. Mokeba testified to the same effect and added that the petitioner knew they weren't going to ask for voluntary manslaughter since their trial strategy was "all or nothing" on the theory of self-defense. *Id.* Mr. Mokeba added that he had discussed this strategy with the petitioner several times. *Id.* The petitioner also testified that trial counsel was ineffective for allowing character evidence to come in (App. 376). He stated that trial counsel had blown up a picture of him with a bruised and swollen face, and that this picture was character evidence. *Id.* The petitioner also testified that he did not take the stand in his defense. *Id.* Mr. Mokeba testified that he had blown up the picture to show that the petitioner was injured in order to prove self-defense. *Id.* Mr. Mokeba also stated that he and the petitioner had spoken many times about him taking the stand and that if he did, evidence of his prior crimes could be admitted. *Id.* Mr. Mokeba also said ultimately it was the petitioner's decision whether or not to testify (App. 376-77).

5

With regard to the allegation of ineffective assistance of counsel, the PCR court found that the petitioner's testimony was not credible, while also finding trial counsel's testimony was credible (App. 377). The PCR court further found trial counsel adequately conferred with the petitioner, conducted a proper investigation, was thoroughly competent in their representation, and that trial counsel's conduct did not fall below the objective standard of reasonableness (App. 377). Accordingly, the PCR court found the petitioner had failed to prove the first prong of the *Strickland*[1] test – that trial counsel failed to render reasonably effective assistance under prevailing professional norms (App. 377). The petitioner failed to present specific and compelling evidence that trial counsel committed either errors or omissions in his representation of the petitioner (App. 377). The PCR court also found the petitioner had failed to prove the second prong of *Strickland* – that he was prejudiced by trial counsel's performance (App. 377). The PCR court concluded the petitioner had not met his burden of proving counsel failed to render reasonably effective assistance. Therefore, that allegation was denied.

As to any and all allegations, which were or could have been raised in the application or at the hearing in this matter, but were not specifically addressed in the order, the PCR court found that the petitioner failed to present any probative evidence regarding such allegations (App. 378). Accordingly, the PCR court found that the petitioner waived such allegations and failed to meet his burden of proof regarding them. *Id.* Accordingly, they were denied and dismissed with prejudice. Based on all the foregoing, the PCR court found and concluded that the petitioner had not established any constitutional violations or deprivations that would require the PCR court to grant his application (App. 378-79), and the PCR application was denied and dismissed with prejudice (App. 379). The PCR court advised the petitioner that he must file and serve a notice of appeal within 30 days from the

---

[1]*Strickland v. Washington*, 466 U.S. 668 (1984).

6

receipt by counsel of written notice of entry of judgment to secure the appropriate appellate review.

***PCR Appeal***

The petitioner timely filed a notice of appeal of to the PCR court's order. On appeal, the petitioner was represented by M. Celia Robinson, Appellate Defender with the South Carolina Commission on Indigent Defense, Division of Appellate Defense. The petitioner's PCR appeal was perfected with the filing of a *Johnson*[2] petition for writ of certiorari. In the *Johnson* petition, counsel asserted the PCR judge erred in denying relief where trial counsel provided ineffective assistance of counsel in failing to request an instruction on the lesser included offense of manslaughter. The petitioner also filed a *pro se* brief of petitioner pursuant to *Johnson v. State*. In his *pro se* brief, the petitioner asserted the same issue raised by appellate counsel.

By order dated December 17, 2008, the South Carolina Supreme Court denied the *Johnson* petition for writ of certiorari. The South Carolina Supreme Court noted that after careful consideration of the entire record as required by *Johnson v. State*, the court denied the petition and granted counsel's request to withdraw. The remittitur was sent on January 9, 2009.

***Federal Habeas Corpus Action***

In his action now before this court, the petitioner makes the following allegation:

> Ground One: Ineffective Assistance of Counsel
> Supporting Facts: Trial counsel rendered ineffective assistance during trial when they failed to request the trial court to charge the jury on the lesser included offense of voluntary

---

[2]*Johnson v. State*, 364 S.E. 2d 201 (S.C. 1988).

manslaughter. I was being prosecuted for murder but since the killing happened in the sudden heat of passion based on sufficient legal provocation I was entitled at trial to a jury charge on the lesser included offense of voluntary manslaughter. Trial counsel failed to request this charge and I was prejudiced through this failure.

On April 27, 2009, the respondent filed a motion for summary judgment. By order filed April 28, 2009, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The respondent amended the memorandum of law in support of the motion for summary judgment on May 4, 2009. The petitioner filed his opposition to the motion for summary judgment on May 29, 2009.

## **APPLICABLE LAW**

Title 28, United States Code, Section 2254(d) and (e) provides in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. §2254(d), (e).

The Fourth Circuit Court of Appeals has stated as follows regarding the standard of review in cases, like the instant case, that are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"):

> For a claim that was adjudicated on the merits in state court proceedings, this Court will not issue a writ of habeas corpus under the AEDPA unless (a) the state court decision is in "square conflict" with Supreme Court precedent that is controlling as to law and fact or (b) if no such controlling decision exists, "the state court's resolution of a question of pure law rests upon an objectively unreasonable derivation of legal principles from the relevant [S]upreme [C]ourt precedents, or if its decision rests upon an objectively unreasonable application of established principles to new facts." *Green v. French*, 143 F.3d 865, 870 (4th Cir.1998). "In other words, habeas relief is authorized only when the state courts have decided the question by interpreting or applying the relevant precedent in a manner that reasonable jurists would all agree is unreasonable." *Id.* When a petitioner has properly presented a claim to the state court but the state court has not adjudicated the claim on the merits, however, our review of questions of law and mixed questions of law and fact is de novo. *See Jones v. Jones*, 163 F.3d 285, 299-300 (5th Cir.1998) (applying pre-AEDPA de novo standard of review to claims of ineffective assistance of counsel that were properly raised, but not adjudicated on merits in state court).

*Weeks v. Angelone*, 176 F.3d 249, 257-58 (4th Cir. 1999).

## ANALYSIS

The petitioner alleges that his trial counsel was ineffective for not requesting a voluntary manslaughter instruction. Claims of ineffective assistance of counsel are governed by the two-part test established in *Strickland v. Washington*, 466 U.S. 668 (1984). First, the petitioner "must show that counsel's performance was deficient." *Id.* at 687. To prove deficiency, the petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. Second, the petitioner must show that the deficient performance actually prejudiced him, *i.e.* "that there is a reasonable probability

9

that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.  Finally, the Court in *Strickland* held that "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies," and "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Id.* at 697.  Review of counsel's performance is "highly deferential." *Id.* at 689.

This claim was rejected by the PCR court.  The PCR court noted that both of the petitioner's trial attorneys testified it was a strategic decision not to request a voluntary manslaughter instruction because the petitioner had been served with a notice of intent to pursue life without parole from the Solicitor's Office (App. 375-76).  Ms. Coggiola, the petitioner's second chair at trial, testified that the petitioner would have still received a life without parole sentence had he been convicted of voluntary manslaughter because voluntary manslaughter is considered a serious offense, and the petitioner already had two serious offenses on his record (App. 375-76).  The PCR court also noted that Mr. Mokeba, the petitioner's primary trial counsel, testified to the same effect and added that the petitioner knew they were not going to ask for the charge because their strategy was "all or nothing" on the self-defense theory (App. 376).  The PCR court noted that Mr. Mokeba added that he had discussed the strategy with the petitioner several times (App. 376).  The PCR court noted that the petitioner had not shown that counsel was deficient in his choice of tactics (App. 376).  The PCR court also noted that the petitioner did not carry his burden to show a reasonable probability that the result at trial would have been different had trial counsel done what petitioner alleged he should or should not have done.

The PCR court found that, with regard to his ineffective assistance of counsel claims, the petitioner's testimony was not credible, and trial counsel's testimony was credible (App. 377).  The PCR court also found that trial counsel adequately conferred with

10

the petitioner, conducted a proper investigation, and was thoroughly competent in their representation, and that counsel's conduct did not fall below an objective standard of reasonableness (App. 377). Thus, the PCR court found that the petitioner failed to prove the first prong of the *Strickland* test (App. 377). Further, the PCR court found that the petitioner failed to prove the second prong of *Strickland*, that he was prejudiced by trial counsel's performance (App. 377). Since the petitioner had failed to meet his burden of proving counsel failed to render reasonably effective assistance, the PCR court denied his ineffective assistance of counsel claim (App. 377).

This court agrees with the respondent that the petitioner has failed to overcome the deferential standard of review of the PCR court's ruling. As found by the PCR court, the petitioner's trial counsel articulated a reasonable trial strategy regarding the decision not to request a voluntary manslaughter instruction. *See Whitehead v. State*, 417 S.E.2d 530, 531 (S.C. 1992) (reasonable trial strategy will not be held ineffective). Mr. Mokeba testified that he believed that if the jury was given the option of manslaughter, they would have found him guilty of manslaughter, and he would still have to serve life without parole because manslaughter was a most serious offense and he had a prior conviction for a most serious offense (App. 365). He further stated that the trial strategy was all or nothing (App. 366). He asserted that if the jury believed their position that the killing was self-defense, they could have easily found the petitioner not guilty. *Id.*

Further, the petitioner has failed to show that the result of the proceeding would have been different but for counsel's alleged error. Had trial counsel requested a voluntary manslaughter instruction, and the petitioner been convicted of voluntary manslaughter instead, he would still be serving a life without parole sentence (App. 361, 365). *See* S.C. Code Ann. § 17-25-45. South Carolina Code Section 17-25-45 defines both murder and voluntary manslaughter as "most serious offenses." *Id.* § 17-25-45(C)(1). The petitioner already had one most serious conviction, armed robbery, on his record (App.

319, 365). *See id.* Pursuant to the statute, a person convicted of a most serious offense must be sentenced to life without the possibility of parole if the person has one or more prior convictions for a most serious offense. *See id.* § 17-25-45(A).

Furthermore, the petitioner cannot establish that the PCR court's ruling was the result of an unreasonable determination of the facts. The PCR court's factual findings are consistent with the testimony at the PCR hearing. Ms. Coggiola did testify that the petitioner would have received life without parole had he been convicted of manslaughter (App. 361). Mr. Mokeba also testified that the result of a manslaughter conviction would have been the same as a murder conviction: life without parole (App. 365). He further testified that their strategy was an all-or-nothing strategy and that he discussed the strategy with the petitioner on several occasions (App. 366). Clearly, the PCR court's ruling was not based upon an unreasonable determination of the facts. Based upon the foregoing, this ground fails.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, it is recommended that the respondent's motion for summary judgment (doc. 11) be granted.

s/William M. Catoe<br>
United States Magistrate Judge

September 28, 2009

Greenville, South Carolina