# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### GREENVILLE DIVISION

| | | |
|---|---|---|
| Phillip Jackson, | ) | Civil Action No.: 6:09-cv-00419-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden, Lieber Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

      Petitioner, a state prisoner proceeding *pro se*, brought this suit pursuant to Title 28 U.S.C.

§ 2254.  Petitioner is currently an inmate at the Lieber Correctional Institution in Ridgeville,

South Carolina.

      This matter comes before the court with the [Docket Entry 18] Report and

Recommendation of United States Magistrate Judge William M. Catoe[1] filed on September 28,

2009.  Respondent filed a [Docket Entry 11] Motion for Summary Judgment on April 27, 2009.

Because Petitioner is proceeding *pro se*, the court issued an order on April 28, 2009, pursuant to

*Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), explaining the motion for summary

judgment procedure and the possible consequences if Petitioner failed to adequately respond.

Thereafter, Petitioner timely filed a response to Respondent's motion.  In his Report, the

Magistrate Judge recommended that Respondent's motion for summary judgment should be

granted.  Petitioner timely filed objections to the Report.

---

[1]     This matter was automatically referred to Magistrate Judge Catoe pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.).

## Background

In August 2003, Petitioner was tried by jury and found guilty of one count of murder. He was sentenced to life without parole.

Thereafter, Petitioner filed a direct appeal with the South Carolina Court of Appeals alleging that the trial court lacked subject matter jurisdiction and that the trial judge erred by failing to instruct the jury on the offense of voluntary manslaughter. The Court of Appeals ultimately dismissed the appeal. Petitioner then unsuccessfully sought writ of certiorari with the South Carolina Supreme Court.

In his State Post-Conviction Relief ("PCR") action filed on April 5, 2005 (2005-CP-40-1520), Petitioner sought relief alleging ineffective assistance of counsel and that the trial court lacked subject matter jurisdiction. Specifically, Petitioner alleged that counsel was ineffective for not requesting the court to charge the jury on the lesser-included offense of voluntary manslaughter and that the court lacked jurisdiction because the indictment was insufficient.

At the PCR hearing, Petitioner's trial attorneys testified that it was trial strategy not to request a voluntary manslaughter instruction because the Solicitor's office had informed Petitioner of the their intent to pursue life without parole. App. at 375-76. They also testified that this "all-or-nothing" strategy based on self-defense was discussed with Petitioner several times prior to trial. *Id.* Moreover, they further testified that even if Petitioner had been found guilty of the lesser-included offense of voluntary manslaughter, he still would have received the same life sentence without parole due to his violent criminal history. *Id.*

On December 12, 2007, the PCR court denied and dismissed Petitioner's PCR petition with prejudice. The PCR court found that Petitioner's testimony was not credible, while finding that his attorneys' testimony was credible. Also, the court found that his attorneys adequately

conferred with Petitioner, conducted a proper investigation, and that their representation did not fall below the objective standard of reasonableness. *Id.* Finally, the court found that Petitioner was not prejudiced by their representation. *Id.* Petitioner appealed the PCR court's order, which the Supreme Court of South Carolina ultimately denied.

Petitioner filed this habeas corpus action on February 23, 2009, making the following allegation:

Ground One: Ineffective Assistance of Counsel

Supporting Facts: Trial counsel rendered ineffective assistance during trial when they failed to request the trial court to charge the jury on the lesser included offense of voluntary manslaughter. I was being prosecuted for murder but since the killing happened in the sudden heat of passion based upon sufficient legal provocation I was entitled at trial to a jury charge on the lesser included offense of voluntary manslaughter. Trial counsel failed to request this charge and I was prejudiced through this failure.

Petition [Docket Entry 1] at 5. Respondent filed a motion for summary judgment on April 27, 2009.

## **<u>Standard of Review</u>**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the untimely filing of objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The district court need not conduct a *de novo*

review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

## Discussion

Petitioner brought this action pursuant to Title 28 U.S.C. § 2254. That section states, in pertinent part:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(d)-(e)(1).

Petitioner alleges that his trial counsel was ineffective for not requesting a voluntary manslaughter charge. Ineffective assistance of counsel claims are governed by the two-part *Strickland*[2] test. Petitioner must first prove that counsel's assistance was deficient by showing

---

[2]    *Strickland v. Washington*, 466 U.S. 668 (1984).

that the representation "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687-88. Second, Petitioner must show that he was prejudiced by the representation, which requires that "there [be] a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Finally, the court in *Strickland* held that "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689.

After reviewing the Report and applicable law, the court agrees with the Magistrate Judge's finding that Petitioner has failed to overcome the deferential standard of review of the PCR court's ruling. First, just as the PCR court held, Petitioner's trial counsel articulated a reasonable trial strategy regarding the decision not to request a voluntary manslaughter instruction.[3] Petitioner's counsel asserted that under their "all-or-nothing" approach, if the jury believed their position that the killing was self-defense, Petitioner could have easily been found not guilty.[4] Moreover, Petitioner has failed to prove that there is a reasonable probability that the result of the proceeding would have been different but for counsel's alleged error. As his attorney stated, even if Petitioner would have been convicted of voluntary manslaughter instead of murder, he would still be serving a life sentence without the possibility of parole due to his previously committed violent crimes. Finally, the court agrees with the Magistrate Judge that the

---

[3]     *Strickland*, 466 U.S. at 689 ("[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that . . . under the circumstances, the challenged action 'might be considered sound trial strategy.'") (internal citations omitted); *see also Hunt v. Lee*, 291 F.3d 284 (4th Cir. 2002) (similar holding); *Rose v. Lee*, 252 F.3d 676, 693 (4th Cir. 2001) ("When counsel make a reasonable strategic choice based upon an investigation of the facts, this Court must defer to that strategic choice."); *Whitehead v. State*, 417 S.E.2d 529 (S.C. 1992) (reasonable trial strategy will not be held ineffective).

[4]     *Washington v. United States*, 291 F. Supp. 2d 418, 442 (W.D. Va. 2003) ("Failure to request an instruction on a lesser-included offense can be proper trial strategy . . . so Young could have *opted for an all-or-nothing approach* . . . The court believes that counsel's choice to forego a lesser-included instruction . . . was a strategic decision to which the court accords considerable deference.") (emphasis added).

PCR court's findings were not the result of an unreasonable determination of the facts, as the findings were consistent with the testimony given during the PCR hearing.

In his objections, although Petitioner states disagreement with counsel's trial strategy, he fails to assert any facts that overcome the presumption that their approach was sound trial strategy. Additionally, he once again fails to prove prejudice.

### Conclusion

The court has reviewed the Report and Recommendation, objections, memoranda and applicable law. For the reasons stated above and by the Magistrate Judge, the court overrules all of Petitioner's objections and hereby adopts and incorporates by reference the [Docket Entry 18] Report and Recommendation of the Magistrate Judge. The Respondent's [Docket Entry 11] Motion for Summary Judgment is **GRANTED** and this case is hereby **DISMISSED** *with prejudice*.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

November 10, 2009
Florence, South Carolina